JOSIAH WHITESIDES, Respondent, v. ST. LOUIS, KEOKUK
& NORTHWESTERN RAILROAD COMPANY,
Appellant.

St. Louis Court of Appeals, September 18, 1894.

**Railroads:** ATTRACTIONS ON RIGHT OF WAY FOR CATTLE. Although
cattle are attracted by barrels of salt left open and exposed in a
warehouse on the right of way of a railway company, and are thereon
injured by its engines, the company will not be responsible for their
injury, if the warehouse is not owned by it and the salt was stored
there by its agent, not for it, but on his own account as a merchant.

*Appeal from the Pike Circuit Court.*—HON. R. F. ROY,
Judge.

REVERSED.

*Clark & Dempsey* and *Palmer Trimble* for appel-
lant.

A railroad company is not liable for stock killed
on stations or depot ground, except on proof of negli-
gence. *Swearingen v. Railroad*, 64 Mo. 73; *Lloyd v.
Railroad*, 49 Mo. 199; *Morris v. Railroad*, 58 Mo. 78.
There is no duty upon a railroad company to look after
or police any of its right of way, except the track or
that part they assume actual corporate control of. *Red-
mond v. Railroad*, 13 Am. & Eng. R. R. Cases, 515;
*Ganote v. Railroad*, 13 Am. & Eng. R. R. Cases, 520;
*Railroad v. Kirksey*, 3 S. W. Rep. 190; *Edson v.
Railroad*, 40 Iowa, 47; *Chain v. Railroad*, 75 Ill. 577;
*Railroad v. McCleuchan*, 74 Ill. 436; *Ward v. Railroad*,
13 S. E. Rep. 926. The salt decisions do not apply to
this case, because the facts are not the same. In each

of those cases the salt was on the main track, and the stock was struck on the main track. In this the salt was more than forty feet distant from the place of the injury and the main track. *Crofton v. Railroad*, 55 Mo. 582; *Brown v. Railroad*, 27 Mo. App. 394; *Morrow v. Railroad*, 29 Mo. App. 436. The correct rule that applies to this case is found in *Gilliland v. Railroad*, 19 Mo. App. 413.

*Joseph Tapley* for respondent.

ROMBAUER, P. J.—The action is one to recover damages for the killing of plaintiff's cow by defendant's locomotive. The statement charges that the defendant was negligent in this, that its agent permitted open barrels of salt to stand in defendant's warehouse on its right of way; that such barrels were so placed that cattle could reach the same; and that plaintiff's cow was attracted by such salt, and in consequence met her death by being struck by defendant's locomotive.

The plaintiff's evidence showed that the warehouse was not owned by the defendant but by the Imperial Milling Company, and that the agent stored the salt, not for the defendant, but on his own account as a merchant.

The recent decision of the supreme court in the case of *Burger v. Railroad*, certified from this court, (52 Mo. App. 120) negatives the plaintiff's right of recovery on the facts above stated. The judgment of the circuit court, which was for the plaintiff, must, therefore, be reversed. All the judges concurring, it is so ordered.